**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Daniel Hiltz, individually and on behalf of all others similarly situated, | 1:21-cv-03140 |
| Plaintiff, | |
| - against - | Judge Harry D. Leinenweber |
| Inventure Foods, Inc., | |
| Defendant | |

**JOINT INITIAL STATUS REPORT**

The Parties, through their undersigned counsel, submit this Joint Initial Status Report.

**I. Jurisdiction and Service**

**A. Joint Statement**

Defendant ("Defendant") has been served in this proceeding. No remaining parties need to be served. Defendant does not contest personal jurisdiction. The parties agree that venue is proper because Plaintiff alleges in the Complaint that he purchased the Product within this District.

**II. Facts**

**A. Plaintiff's Statement**

As alleged in the operative complaint, this is an action brought against Defendant for alleged violation of the consumer protection laws of this state for Defendant's allegedly false, deceptive, and unlawful marketing and sales of its onion rings ("Product").

Defendant misrepresents the key ingredient in the Product –onions. Laboratory test results show, or would show, that the onion taste of the Product does not come exclusively, or even predominantly, from the onions but from onion powder and even artificial sources. This is material to consumers and in violation of this state's consumer protection laws.

### B.    Defendant's Statement

Plaintiff's initial Complaint erroneously alleged that TGI Friday's Onion Rings Snacks (the "Product"), a bagged shelf-stable salty snack food, is deceptively labeled because it is made with "onion powder." In the Complaint and in support of that false allegation, Plaintiff misstated the ingredient list of the Product by claiming that the Product is made with onion powder when, in fact, the Product's actual ingredient panel clearly and unequivocally discloses that the Product is made with "minced onion." The words "onion powder" appear nowhere on the ingredient panel. After bringing this erroneous claim to Plaintiff's counsel's attention, rather than dismissing the Complaint, Plaintiff filed the operative Amended Complaint, removed the reference to "onion powder" and adjusted his claim to state that the Product is deceptively labeled because it is made with minced onion and does not contain "an appreciable amount of onion." However, notably absent from the Amended Complaint is any allegation regarding the amount of onion that Plaintiff would consider "appreciable." And although the Amended Complaint corrected some of the factual inaccuracies of the original Complaint, it continues to suffer from the fatal flaws outlined in further detail below.  Defendant denies that the Product is falsely or deceptively labeled and furthermore denies all of the substantive allegations in Plaintiff's Amended Complaint, and denies that class certification is proper in this matter.

### III.    Legal Issues

### A.    Plaintiff's Position

Plaintiff believes numerous issues of fact preclude dismissal. The First Amended Complaint ("FAC") plausibly alleges Defendant's representations violate the consumer protection laws of this state.

2

**B.      Defendant's Position**

Defendant anticipates filing a Federal Rule of Civil Procedure 12(c) Motion for Judgment on the Pleadings based on numerous deficiencies in Plaintiff's Amended Complaint.  Defendant contends that the allegations of the Amended Complaint do not meet the heightened pleading requirements of Rule 9(b).  Plaintiff's remaining tag along claims similarly are subject to dismissal.

**IV.      Motions**

On September 7, 2021, Plaintiff filed the Amended Complaint. (Dkt. 9).  Defendant filed its Answer to the Amended Complaint on October 25, 2021.  (Dkt. 15).

Plaintiff will file a motion for class certification and possibly a motion for summary judgment.  As noted above, Defendant anticipates filing a Rule 12(c) Motion for Judgment on the Pleadings.  If necessary and depending upon the outcome of its Motion for Judgment on the Pleadings, Defendant anticipates filing a Motion of Summary Judgment, a Motion to Strike Class Allegations and a Motion in Opposition of any Motion for Class Certification.

**V.      Amendment of Pleadings**

Plaintiff does not currently intend to amend the pleadings beyond the Amended Complaint.

**VI.      Evidence Preservation**

Defendant and Plaintiff have each represented that steps have been taken to preserve evidence relevant to this litigation. The parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence.  Should this case continue, the parties will meet and confer regarding the scope and nature of electronic discovery in this case as required by and consistent with applicable law and the local rules.  If the parties are unable to reach an understanding on evidence preservation or electronic discovery, the disputed matter will be submitted to the Court for a formal order.

LEGAL\55090962\1

## VII.   Disclosures

The parties propose that the parties exchange initial disclosures by November 23, 2021.

## VIII.   Discovery

Neither party has served any formal discovery. The parties will confer regarding ESI discovery.

Because discovery in this action is likely to involve the production of confidential information, the parties anticipate filing a Stipulated Protective Order, and intend to work together cooperatively to reach agreement on the terms of that Order.  The parties are conferring regarding the form of Order now and will submit an Order for the Court's consideration and entry.  The parties believe that the limits on discovery set by the Federal Rules of Civil Procedure are appropriate.

### A.   Plaintiff's Statement

Plaintiff will issue document requests, interrogatories, and requests for admission. Plaintiff will also depose corporate representatives of Defendant pursuant to Federal Civil Procedure Rule 30(b)(6) as well as employees of Defendant in their individual capacity. Plaintiff will depose any experts that Defendant will use in this matter.

The subjects of Plaintiff's discovery may include, among other subjects, the marketing and labeling of the Product; Defendant's studies of consumer interpretation of the labels; and Defendant's pricing of the Products.

### B.   Defendant's Statement

Defendant intends to file a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Because Defendant believes that its anticipated motion will result in the

LEGAL\55090962\1

complete dismissal of the matter, Defendant proposes that discovery be stayed, or, at a minimum, limited to the exchange of written discovery, until after the Court decides the motion.

Should this case continue beyond the Motion for Judgment on the Pleadings, Defendant will take discovery on various topics including Plaintiff's alleged purchase of the Product, his expectations regarding the Product, other class actions in which Plaintiff has been involved, testing of the Product, and Plaintiff's alleged damages. Defendant will also seek the depositions of plaintiff, any alleged witnesses, and any of Plaintiff's proposed experts.

## IX. Class Action

### A. Plaintiff's Position

Plaintiff contends that this action is maintainable as a class action under Rule 23(a), (b)(2), and (b)(3). Plaintiff's proposed briefing schedule is set forth in section 18 below.

### B. Defendant's Position

Defendant denies that Plaintiff's putative class can be certified under Federal Rule of Civil Procedure 23. Moreover, due to Defendant's anticipated Motion for Judgment on the Pleadings, Defendant contends that it is premature to set class certification dates until the motion is decided.

## X. Related Cases

### A. Plaintiff's Statement

Plaintiff is not aware of any related cases.

### B. Defendant's Statement

Plaintiff's counsel Spencer Sheehan has filed numerous similar, but technically not "related" cases. According to Pacer, since January 1, 2020 he has filed approximately 290 cases in California, Florida, Illinois, District of Columbia, New York and Wisconsin, virtually all of

LEGAL\55090962\1

which are alleged "false labeling and advertising" matters. In New York alone he has filed approximately 183 cases over that same time period and he has filed 51 cases in Illinois this year.

### XI.     Relief

#### A.     Plaintiff's Statement

Plaintiff seeks monetary and injunctive relief. Plaintiff intends to utilize damage experts to determine the amount of relief.

#### B.     Defendant's Statement

Defendant denies that Plaintiff and the proposed classes are entitled to any relief in this action.

### XII.     Settlement and ADR

The parties have not discussed settlement at this point.

#### A.     Plaintiff's Statement

Plaintiff believes that if this Court determines the case should move past the pleading stage, settlement discussions may be appropriate.

#### B.     Defendant's Statement

Defendant believes that it would be preferable to explore settlement before burdening this Court with motion practice.

### XIII.     Consent to a Magistrate Judge for All Purposes

Parties were not required to consent or decline to proceed before a Magistrate.

### XIV.     Other References

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

LEGAL\55090962\1

### XV.    Narrowing of the Issues

The parties do not believe any issue can be narrowed at this juncture, except as set forth in

Defendant's anticipated Motion for Judgment on the Pleadings.

### XVI.    Expedited Trial Procedure

The parties do not believe that the case can be handled under an expedited trial procedure.

Scheduling

### A.    Plaintiff's Proposed Schedule

| Event | Proposed Schedule |
| --- | --- |
| Deadline to Join Parties | 45 days after Defendant files an answer to the operative complaint |
| Deadline to Amend Pleadings | 60 days prior to trial |
| Deadline for Plaintiff to File Motion for Class Certification | 210 days after ruling on Defendant's Rule 12(c) Motion for Judgment on the Pleadings |
| Deadline to Complete Depositions of Plaintiff's Experts re: Class Certification | 30 days after filing motion for class certification |
| Deadline for Opposition to Motion for Class Certification | 60 days after filing motion for class certification |
| Deadline to Complete Depositions of Defendant's Experts re: Class Certification | 30 days after filing opposition to motion for class certification |
| Deadline for Plaintiff to File Reply in Support of Class Certification | 60 days after Defendant files opposition to motion for class certification |
| Class Certification Hearing | Pursuant to Court's Schedule |
| Deadline to Complete Fact Discovery | 120 days after ruling on class certification |
| Last Day for Plaintiff to Exchange Rule 26(a)(2) Expert Disclosures on Merits | 120 days after ruling on class certification |
| Last Day for Defendant to Exchange Rule 26(a)(2) Expert Designations on Merits | 150 days after ruling on class certification |
| Last Day to Complete Merits Expert Depositions and Document Production | 180 days after ruling on class certification |
| Deadline to File Dispositive Motions | 30 days after completion of expert discovery |
| Pre-Trial Conference | 30 days after ruling on dispositive motions |
| Trial | TBD |

7

### B.     Defendant's Position

In light of the significant deficiencies in Plaintiff's allegations, Defendant submits that it is premature to discuss scheduling until resolution of the anticipated Motion for Judgment on the Pleadings.  To the extent this Court has a strong preference for setting a schedule now, Defendant does not object to Plaintiff's proposed schedule except with respect to the Amended Complaint time requested.  Plaintiff has already amended the Complaint once and indicated in this Joint Status Report that he does not anticipate amending again. As a result, Defendant offers the below schedule.

| Event | Proposed Schedule |
| --- | --- |
| Deadline to Join Parties | Not applicable.  Plaintiff has indicated in this joint status report that he does not intend to amend. |
| Deadline to Amend Pleadings | Not applicable.  Plaintiff has indicated in this joint status report that he does not intend to amend. |
| Deadline for Plaintiff to File Motion for Class Certification | 210 days after ruling on Defendant's Rule 12(c) Motion for Judgment on the Pleadings |
| Deadline to Complete Depositions of Plaintiff's Experts re: Class Certification | 30 days after filing motion for class certification |
| Deadline for Opposition to Motion for Class Certification | 60 days after filing motion for class certification |
| Deadline to Complete Depositions of Defendant's Experts re: Class Certification | 30 days after filing opposition to motion for class certification |
| Deadline for Plaintiff to File Reply in Support of Class Certification | 60 days after Defendant files opposition to motion for class certification |
| Class Certification Hearing | Pursuant to Court's Schedule |
| Deadline to Complete Fact Discovery | 120 days after ruling on class certification |
| Last Day for Plaintiff to Exchange Rule 26(a)(2) Expert Disclosures on Merits | 120 days after ruling on class certification |
| Last Day for Defendant to Exchange Rule 26(a)(2) Expert Designations on Merits | 150 days after ruling on class certification |
| Last Day to Complete Merits Expert Depositions and Document Production | 180 days after ruling on class certification |
| Deadline to File Dispositive Motions | 30 days after completion of expert discovery |

8

| | |
|---|---|
| Pre-Trial Conference | 30 days after ruling on dispositive motions |
| Trial | TBD |

## XVII.  Trial

Plaintiff has demanded a jury trial on all matters so triable and anticipates a trial of five to seven days. Defendant respectfully submits that the length of the trial may be impacted by the Court's decision on class certification.

## XVIII. Disclosure of Non-party Interested Entities

To the extent required by this Court's Rules, the parties will file Certifications of Interested Entities or Persons.

## XIX.  Professional Conduct

All attorneys of record have reviewed this Court's Rules and shall abide by the conduct requirements contained therein.

## XX.  Other Matters

The parties are not currently aware of any other issues affecting the status or management of the case at this time.

Dated:    November 10, 2021

Respectfully submitted,

Cozen O'Connor
/s/ Christopher S. Hennessy
Christopher S. Hennessy (6237293)
chennessy@cozen.com
123 N Wacker Dr
Chicago IL 60606
Tel: (312) 474 4493

*Attorneys for Defendant*

Sheehan & Associates, P.C.
/s/ Spencer Sheehan
Spencer Sheehan
spencer@spencersheehan.com
60 Cuttermill Rd Ste 409
Great Neck NY 11021
Tel: (516) 268-7080

*Attorneys for Plaintiffs*

9